STUART, Justice
(concurring in part and dissenting in part).
I agree with the conclusion in the majority opinion that the Monroe County Board of Education is entitled to a summary judgment because the claims against it are barred by absolute immunity. I respectfully disagree with the conclusion that Frankye Beal is not also entitled to a summary judgment on the basis of State-agent immunity.
According to the majority, Beal did not establish a prima facie showing that no genuine issue of material fact existed because, it concludes, Beal’s deposition testimony establishes that, in dispensing corporal punishment, she did not adhere to the Board’s policy and that she exceeded the scope of her authority. I acknowledge that Beal testified that the Board policy required the presence of a witness when a teacher administers corporal punishment. That fact alone, however, is not dispositive of the issue whether Beal is entitled to State-agent immunity. The dispositive fact is whether Beal testified that the policy does not provide for exceptions or allow for the exercise of a teacher’s discretion. The majority’s conclusion that the policy does not provide for discretion on the part of the teacher rests on Beal’s response when she was asked about factors that would justify a teacher’s not following the guideline regarding the administration of corporal punishment, stating: “It [the unavailability of another teacher] may not justify it, but by the same token, the authority that’s given me as a teacher should allow me to use my professional judgment in certain situations. It would be impossible, I would think, to stipulate every situation that would occur,” and on her testimony that the guideline did not include “anything” that authorized the use of corporal punishment without the presence of a witness. See 48 So.3d at 628. In my opinion, this testimony establishes that Beal did not recall any specifics listed in the guidelines. It does not establish a genuine issue of material fact as to whether the Board’s policy vests a teacher with discretion. The words “should” and “I would think” qualify Beal’s statements and indicate her understanding of the guidelines; the usage of those words does not establish a genuine issue of material fact as to whether the policy allows for teacher discretion in the administration of corporal punishment. Indeed, the affidavits of Beal’s principal, the superintendent of the Board at the time of the incident, and the superintendent when the Board and Beal’s summary-judgment motion was filed indicate that a teacher does have discretion. Moreover, I do not read Beal’s admission that she had received correspondence from the Board stating, “[I]f I had to administer some discipline, that it has to follow the Board’s guidelines” to require the conclusion that in. attempting to administer corporal punishment on Rashid Jones Beal did not follow the Board’s policy. In my opinion, the foregoing simply does not create a genuine issue of material fact.
The evidence submitted by Beal presented a prima facie showing that Pamela *630 Jones Al-Sulaibe’s claims arose from Beal’s exercise of her judgment in the discharge of her duties in educating students and, consequently, that she was entitled to State-agent immunity. The burden then shifted to Al-Sulaibe to produce “substantial evidence” showing that Beal was not entitled to State-agent immunity — that Beal “act[ed] willfully, maliciously, fraudulently, in bad faith, [or] beyond [her] authority.” Ex parte Cranman, 792 So.2d 392, 405 (Ala.2000). Al-Sulaibe, however, failed to present any evidence, much less substantial evidence, to support her contention and, consequently, did not establish that a genuine issue of material fact existed to overcome Beal’s prima facie showing that she was entitled to a summary judgment based on State-agent immunity. Because I believe that the materials before us establish that a summary judgment for Beal is proper on the basis of State-agent immunity, I respectfully dissent from the majority’s conclusion otherwise.
SMITH and BOLIN, JJ, concur.